UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

NICHOLAS S. HARVEL,
    Plaintiff,

vs.                                           03-1293

DONALD SNYDER, et al.,
    Defendants.

ORDER

This cause is before the court on the plaintiff's motion to reconsider the Court's September 21, 2004 Order granting a motion to dismiss the complaint. [d/e 30] .

A post-judgment motion seeking substantive relief from a judgment must be made pursuant to either Rule 59 or Rule 60(b) of the Federal Rules of Civil Procedure. The plaintiff's motion does not specify either rule.  However, Rule 59(e) motions to alter or amend the judgment must be filed within ten business days of the entry of judgment, and the time period cannot be extended. Fed.R. Civ. P. 6(b); *Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir. 1994), cert. denied, 115 S.Ct. 2558 (1995).  The plaintiff's motion was not made within the necessary time frame, so the only basis for relief must be Rule 60 of the Federal Rules of Civil Procedure. *See Charles v. Daley*, 799 F.2d 343, 347 (7th Cir. 1986);  *Western Industries, Inc. v. Newcor Canada Limited*, 709 F.2d 16, 17 (7th Cir. 1983).

A motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b) "permits a party to seek relief from judgment on the grounds of mistake, inadvertence, excusable neglect, newly discovered evidence, and fraud." *American Federation of Grain Millers, Local 24 v. Cargill Inc.*, 15 F.3d 726, 728 (7th Cir. 1994).

The plaintiff filed his complaint pursuant to 42 U.S.C. §1983 alleging that his constitutional rights were violated at the Illinois River Correctional Center.  The plaintiff was contesting a disciplinary ticket that he received.  The original ticket accused him of "fighting," but it was later amended to include the charge of "assault."   The plaintiff was given notice of the change prior to the hearing.  However, the plaintiff claimed he should not have been found guilty of assault.   The plaintiff lost six months of good time credits as a result of the charge.

The Administrative Review Board agreed that the plaintiff was guilty, but recommended that the punishment be reduced to a one month revocation of good time credits and that "fighting" was a more accurate charge.  The plaintiff attached additional documentation to his complaint which showed that the Prisoner Review Board did not follow the recommendation and instead only restored two months of good time credit.   The court found that the plaintiff's claims were barred by  *Heck v. Humphrey*, 512 U.S. 477 (1994).

The plaintiff continues to claim that his complaint is not barred because the decision of the Prisoner Review Board was overturned.  The documentation attached to the prisoner's

complaint shows otherwise.  The motion is denied.

    IT IS THEREFORE ORDERED that:

1) The plaintiff's motion to reconsider the Court's September 21, 2004 Order is denied. [d/e 30] .

    Entered this 16th day of August, 2005.

    **s\Harold A. Baker**

_____
    HAROLD A. BAKER
    UNITED STATES DISTRICT JUDGE